# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EE OFFICES NAPERVILLE, LLC, | ) | Case No. 14-16798 |
| | ) | |
| Debtor. | ) | Honorable A. Benjamin Goldgar |
| | ) | |
| | ) | Hearing Date: July 23, 2014 at 10:00 a.m. |

## NOTICE OF MOTION

     PLEASE TAKE NOTICE that on **July 23, 2014 at 10:00 a.m.**, or as soon thereafter as counsel may be heard, we shall appear before the Honorable A. Benjamin Goldgar in the courtroom usually occupied by him, Courtroom 642, in the United States Bankruptcy Court, 219 South Dearborn, Chicago, Illinois 60604, or before any judge who may be sitting in her place or stead, and shall then and there present **CPH 1755 Park LLC's Second Motion For Leave to Conduct Rule 2004 Examinations**, a copy of which is attached hereto and hereby served upon you, at which time and place you may appear as you see fit.

Dated: July 15, 2014                                        **CPH 1755 Park LLC**


                                                                                            By:  /s/ Jordan M. Litwin
                                                                                                One of Its Attorneys

Jordan M. Litwin (ARDC No. 6287792)
MELTZER, PURTILL & STELLE LLC
300 South Wacker Drive, Suite 3500
Chicago, Illinois 60606
(312) 987-9900
(312) 987-9854 (facsimile)

## **CERTIFICATE OF SERVICE**

I, Jordan M. Litwin, an attorney, certify that on July 15 2014, I caused copies of the attached **Notice of Motion** and **CPH 1755 Park LLC's Second Motion For Leave to Conduct Rule 2004 Examinations** to be served (i) via electronic notice on the parties appearing in the Court's CM/ECF system and (ii) via Federal Express, as noted below:

**(i)** **REGISTRANTS SERVED VIA CM/ECF NOTICE**:

- Patrick S Layng          USTPRegion11.ES.ECF@usdoj.gov
- Jordan M Litwin         jlitwin@mpslaw.com,
                          dnichols@mpslaw.com;mpslawllc@gmail.com
- David L. Kane           dkane@mpslaw.com,
- Ben L Schneider         ben@windycitylawgroup.com

**(ii)** **FEDERAL EXPRESS**:

| | |
|---|---|
| EE Offices Naperville, LLC<br>8424 Skokie Blvd.<br>Suite 200<br>Skokie, IL 60077<br>Attn: Lynn Berger | EE Offices Naperville, LLC<br>8424 Skokie Blvd.<br>Suite 200<br>Skokie, IL 60077<br>Attn: Allan Berger |
| Lynn Berger<br>1597 Aberdeen Court<br>Naperville, IL 60564-9789 | Allan Berger<br>1597 Aberdeen Court<br>Naperville, IL 60564-9789 |

By: /s/ Jordan M. Litwin

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EE OFFICES NAPERVILLE, LLC, | ) | Case No. 14-16798 |
| | ) | |
| Debtor. | ) | Honorable A. Benjamin Goldgar |
| | ) | |
| | ) | Hearing Date: July 23, 2014 at 10:00 a.m. |

**CPH 1755 PARK LLC'S SECOND MOTION FOR LEAVE**
**TO CONDUCT RULE 2004 EXAMINATIONS**

CPH 1755 Park LLC, an Illinois limited liability company ("CPH"), by and through its undersigned counsel, and pursuant to section 363(d) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), respectfully moves the Court to enter an order granting CPH leave to conduct examinations of certain principals of EE Offices Naperville, LLC (the "Debtor") pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Rule 2004"). In support of this motion (the "Motion"), CPH states as follows:

**JURISDICTION**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The basis for the relief requested herein is Rule 2004 of the Federal Rules of Bankruptcy Procedure.

**BACKGROUND**

2. On April 17, 2008, 06-QCC-0163, LLC, a Delaware limited liability company (the "Original Landlord"), entered in that certain Office Building Lease (as amended, including pursuant to that certain First Amendment to Lease dated May 16, 2012, the "Lease") with the

Debtor whereby the Debtor leased certain property known as Suite No. 200 in the building located at 1755 Park Street, Naperville, Illinois (the "Premises"). The Premises consists of approximately 10,500 square feet, which the Debtor subleases to a number of commercial subtenants, operating independent ventures in the Premises.

3. On July 26, 2013, CPH purchased the property in which the Premises is located from the Original Landlord and the Original Landlord assigned the Lease to CPH.

4. On May 2, 2014 (the "Petition Date"), the Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code, initiating the above-captioned proceeding.

5. On June 26, 2014, the Debtor filed its Summary of Cash Receipts and Cash Disbursements for May 2014 (the "May MOR") [Dkt. No. 15]. The May MOR reflects no payments of rent and ending bank balances (Chase and Bank of America) totaling over $37,900. The May MOR also reflects partner distributions totaling $6,000 and $7,050 in professional fees.

6. On July 3, 2014, the Debtor filed an amended report for May (the "Amended May MOR") [Dkt. No. 18], now showing an ending balance in all accounts totaling $14,873. The $20,672 Chase account was no longer listed at all, and the Bank of America account was listed at nearly $3,000 less than in the May MOR. The Amended May MOR also contained numerous other changes.

7. The Debtor has not paid CPH any rent for the Premises since the Petition Date and has not sought to assume or reject the Lease. As of the Petition Date, monthly rent equals $18,577.46.[1] As of the filing of this Motion, CPH maintains a prepetition claim equal to over $19,000 and a post-petition administrative rent claim equal to at least $55,000.

---

[1] Total monthly rent is calculated as including base rent, electricity, common area maintenance and penalties, all as provided for under the Lease.

**Relief Requested**

8.  CPH brings the instant Motion to conduct Rule 2004 examinations of Allan Berger and Lynn Berger, managing members of the Debtor. CPH brings this Motion to assist it in investigating the assets and liabilities of the Debtor in this case, along with payments and transfers made before and after the Petition Date. It is unclear, based on the May MOR and Amended May MOR, whether post-petition transfers were made outside the ordinary course, including payments to counsel, distributions to insiders, and other payments and transfers. The amount and extent of transfers and distributions made to insiders prior to the Petition Date is also unclear but relevant to creditors in this case. Further, it is unclear where the Debtor has generated the information used to produce its monthly operating reports and why an entire bank account was listed in one filing and then removed shortly thereafter.

9.  This and related information is necessary in connection with considerations as to whether the Debtor is a valid chapter 11 debtor, whether the Debtor has abided by the restrictions of the Bankruptcy Code since the Petition Date, whether avoidance actions exist, and the current status of the Debtor's assets. Such information will also be required to assist CPH in any motion to dismiss, evaluation of any plan of reorganization, and for other relevant issues in this case.

10. Given the overall lack of information and conflicting information available to CPH and other creditors and parties in interest, and given the lack of assistance and lack of clear information from the Debtor and its counsel thus far, conducting Rule 2004 examinations of the Debtor's principals is required to obtain information vital to understanding information related to the Debtor's assets, whether this case has been filed and pursued in good faith, possible avoidance actions, and any analysis of a plan proposed by the Debtors. The scope of the

{33619: 005: 01404889.DOC : }

requested Rule 2004 examination includes depositions, document requests and other relevant discovery requests.

## AUTHORITY FOR RULE 2004 EXAMINATIONS

11.     Rule 2004 authorizes any party in interest to move the Court for an order to conduct the examination of any entity.  FED. R. BANKR. P. 2004(a).

12.     The primary purposes of a Rule 2004 examination are to aid in the discovery of assets for the estates, including potential causes of action.  *In re Refco, Inc.*, 2007 U.S. Dist. LEXIS 4993, at *8 (N.D. Ill. Jan. 16, 2007).

13.     In order to permit such an investigation, the scope of discovery permitted under Rule 2004 is particularly broad.  Rule 2004(b) specifies that the scope of an examination may relate to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge," and further provides that the examination may relate to "any other matter relevant to the case or to the formulation of a plan."  FED. R. BANKR. P. 2004(b).

14.     Indeed, courts have held that the scope of inquiry permitted under Rule 2004 is so broad as to permit parties to conduct "fishing expeditions."  *In re Comdisco*, 2006 U.S. Dist. LEXIS 60818, at *18 ("[t]o achieve these purposes, Rule 2004 examinations are broad and unfettered and in the nature of fishing expeditions") (internal quotes omitted); *see also Matter of Wilcher*, 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985) ("[t]he scope of examination allowed under Bankruptcy Rule 2004 is larger than that allowed under the Federal Rules of Civil Procedure and can legitimately be in the nature of a 'fishing expedition'").

15. Rule 2004 inquiries may extend both to creditors and third parties who have had dealing with the debtor or otherwise have knowledge of a debtor's acts, conduct or financial affairs as it relates to the debtor's bankruptcy case. *Id.*; 56 B.R. at 433, 434.

## **BASIS FOR RELIEF**

16. CPH requests requested examinations of Allan Berger and Lynn Berger, managing members of the Debtor regarding information sought after in this Motion and relevant to CPH's interests in this case. CPH and the other creditors in this case are entitled to conduct discovery to determine the extent to which the Debtor has mismanaged assets or its books and records, the extent to which successful avoidances action may be pursued for the benefit of the estate, the extent and location of the Debtor's assets, the purpose of this bankruptcy filing, information related to the Debtor's potential to reorganize, and certain related concerns.

17. In light of the foregoing, CPH submits that cause is present to order the requested discovery under Rule 2004.

*[Remainder of Page Left Intentionally Blank]*

WHEREFORE, for the foregoing reasons, CPH respectfully requests that this Court enter an order (i) authorizing CPH to issue discovery to and conduct examinations of the Debtor's principals pursuant to Rule 2004 and (ii) granting such other and further relief that this case may require and the Court deems just and proper.

Dated this 15th day of July, 2014.

        Respectfully submitted,

        **CPH 1755 Park LLC**

        By:   /s/ Jordan M. Litwin
                One of Its Attorneys

Jordan M. Litwin (ARDC No. 6287792)
MELTZER, PURTILL & STELLE LLC
300 South Wacker Drive, Suite 3500
Chicago, Illinois 60606
(312) 987-9900
(312) 987-9854 (facsimile)